Citation Nr: 1508818 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 10-15 184 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for an acquired psychiatric disability, to include dysthymic disorder and posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Kathy A. Lieberman, Attorney at Law


ATTORNEY FOR THE BOARD

J. Murray, Counsel 




INTRODUCTION

The Veteran served on active duty from January 1966 to March 1966.

This matter comes to the Board of Veterans' Appeals (Board) from an August 2014 Order by the United States Court of Appeals for Veterans Claims (Court), which endorsed an August 2014 Joint Motion for Remand, vacated an October 2013 Board decision denying entitlement to service connection for an acquired psychiatric disorder, to include PTSD, and remanded the matter for action complying with the joint motion. 

As a matter of background, the matter was initially before the Board on appeal from a March 2009 rating decision of the Department of Veterans' Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico, which declined to reopen a previously denied claim for entitlement to service connection for a psychiatric disorder. In November 2010, the Board reopened and denied the Veteran's claim of entitlement to service connection for an acquired psychiatric disorder. The Veteran appealed the Board's decision to the Court. 

In a June 2011 Order, the Court endorsed the parties' Joint Motion, vacated in part the Board's November 2010 decision, and remanded the claim of entitlement to service connection for an acquired psychiatric disorder for compliance with the terms of the Joint Motion. In response, in October 2011 and May 2012, the Board remanded this appeal for additional development and medical inquiry. Thereafter, the Board obtained a December 2012 medical opinion from a psychiatrist with the Veterans Health Administration (VHA). In October 2012, the Board denied the Veteran's claim for service connection for an acquired psychiatric disorder. The Veteran again appealed the Board's decision to the Court giving rise to the current appeal. 

The Board notes that it has reviewed the Veteran's entire claims file, to include documents of record in his virtual VA folder. The Veteran has submitted additional relevant information since the most recent supplemental statement of the case (SSOC) dated in October 2012. This information has been considered pursuant to the Veteran's October 2014 waiver of initial review of the evidence by the Agency of Original Jurisdiction (AOJ). 38 C.F.R. §§ 19.31, 20.1304(c) (2014).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran seeks entitlement to service connection for an acquired psychiatric disorder. He contends that he has developed a psychiatric disability as a result of active service. He believes that he suffered verbal abuse and mistreatment during active service. In particular, the Veteran asserts that while he completed basic training, he failed the written examination and was discharged due to his insufficient knowledge of the English language. He reports that he became very depressed after being discharged from the Army and that he continues to suffer from recurrent depression to the present day. He felt inferior for not being able to complete his military service. The Veteran further reports that in 1971 he made a suicide attempt due to aggravation of his mental disorder. See October 2014 statement in support of the case. 

In an August 2014 Order, the Court granted a Joint Motion in which the parties agreed that the Veteran's service connection claim should be remanded. 

Specifically, the parties to the Joint Motion agreed that the Board erred in not ensuring that the Veteran was provided with sufficient notice regarding the amended provisions of 38 C.F.R. § 3.304(f) for stressor verification. In addition, the parties argued that the Board erred in relying upon an inadequate medical opinion contained in a December 2012 VHA medical opinion report. 

With respect to the December 2012 VHA report, the parties agreed that the VHA medical expert failed to consider and discuss the lay evidence of psychiatric symptoms after the Veteran's period of service, but prior to his work-place accident in August 1971 that resulted in severe injuries to his upper extremities. The parties noted that the medical record reflected that the Veteran reported a history of suicide attempts prior to his accident. See August 2003 VA examination report; a February 2009 VA psychiatric consultation report; and an August 2009 VA Psychosocial Assessment. The parties argued that these medical records contradicted the December 2012 VHA medical expert's statement there is no evidence the Veteran manifested any psychiatric symptoms or illness in the five and half years following discharge, up to the time he had the work-related electrical accident. On remand, a VA supplemental medical opinion should be obtain that addresses the lay evidence of possible psychiatric symptoms that existed prior to the Veteran's work-place accident and whether such symptoms suggest that his current diagnosed psychiatric disorder is related to his period of service. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Send the Veteran VCAA-compliant notice as to the amended provisions of 38 C.F.R. § 3.304(f) pertaining to verification of in-service stressors for a service connection claim for PTSD, effective July 13, 2010. The Veteran should be afforded an additional opportunity to provide detailed information regarding any claimed in service stressors, to include specific names, dates, and locations. The Veteran should also be informed that he can submit statements of fellow servicemen, photographs, or other corroborating evidence that may tend to support his stressors. 

2. Contact the Veteran and ask him to identify any outstanding records of pertinent VA and private treatment, and obtain those records. If any identified records cannot be obtained, a memorandum should be included in the file explaining the procedures undertaken to attempt to find the records and why such attempts were not fully successful.

3. After completing the above and the appropriate time period has passed for the Veteran to respond, arrange for the Veteran's claims folder to be reviewed by the appropriate specialist for providing a supplemental VA medical opinion report on the nature and etiology of his acquired psychiatric disorder. The claims folder and a copy of this remand must be provided to the examiner prior to creation of the report.

If the examiner is unable to provide the requested opinions without examining the Veteran, then arrange for the Veteran to undergo VA examination, by an appropriate physician, to obtain opinions responsive to the questions posed.

Based on a review of the claims folder, the examiner should provide answers to the following: 

A). First determine whether the Veteran has a psychiatric disorder (including symptomatology that satisfies the required criteria under DSM-IV for a diagnosis of PTSD as defined under 38 C.F.R. § 4.125) or has had such a disorder at any time during the pendency of this claim.

B). If the Veteran is diagnosed with PTSD, the examiner should specify any stressor(s) that provide the basis of the diagnosis. The examiner should also determine whether the Veteran currently suffers from PTSD related to his fear of hostile military or terrorist activity while on active duty, and whether it is adequate to support a diagnosis of PTSD. 

C). For any other psychiatric diagnosis, the examiner should opine whether it is at least as likely as not (i.e., a likelihood of 50 percent or more) that any currently diagnosed psychiatric disorder is a result of active military service or any incident therein. 

In offering any opinion, the examiner must consider the Veteran's lay statements regarding the incurrence of his claimed disorder and the continuity of symptomatology. The examiner should reconcile any opinion with the service treatment records, service personnel records, and post-service diagnoses. 

In doing so, the examiner should consider an August 2001 psychiatric report from Dr. C.G. (diagnosing PTSD, chronic dysthymic disorder, and recurrent major depression, and to the effect that there was a causal relation between the Veteran's symptoms and his premature discharge from service); an August 2003 VA examination report (his reported history of his suicide attempt following his discharge from service as well as the medical conclusion that the Veteran had dysthymia not related to military service and did not meet criteria for PTSD); a February 2009 medical statement from Dr. N. O. (to the effect that was more probable than not that the Veteran had a chronic psychiatric disorder caused by military service); an August 2009 VA Psychosocial Assessment (his reported history of attempted suicide at 21 years old, "while working at AAE"); a November 2011 VA psychiatric examination report (to the effect that the Veteran was not found to have symptoms compatible with any mental health disorder during current evaluation); and VA medical records to date that reflect treatment for bipolar disorder and depression. 

All opinions and conclusions expressed must be supported by a complete rationale in a report. If the examiner is unable to provide the requested opinion, please expressly indicate this and discuss why this is not possible.

4. After completing the above action, the claim should be readjudicated. If the claim remains denied, a supplemental statement of the case should be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
N. RIPPEL 
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).